## The People *vs.* Allen

An indictment upon a statute, must state all the facts and circumstances which constitute the statute offence, so as to bring the accused perfectly within the provisions of the statute.

Therefore an indictment for embezzlement under the statute concerning that offence, (2 *R. S.* 678, § 59,) must aver that the defendant was a *clerk* or *servant* of some person, (or an officer or agent of a corporation,) and that the property he is charged with embezzling came to his possession or under his care by virtue of such employment.

A count charging that the defendant received the property as the *agent* of an individual is bad.

So also, it is bad, if it state that the defendant received the property as the *agent* of an individual named, though the count afterwards proceed to aver that it came to the defendant's possession and under his care as *such servant* as aforesaid, and that while he was *such* servant, he converted it. The construction being that *such servant* meant such a servant as an agent may be.

Where a constable was employed to collect certain demands without suit, if the

The People *v.* Allen.

debtors would pay, and by procuring and serving process before a justice of the peace, if they would not; *held,* that he was not a servant of the creditor within the meaning of the statute concerning embezzlement. *Per* BEARDSLEY, C. J.

CERTIORARI to the Schenectady general sessions. The defendant was indicted and convicted in the general sessions for the offence of embezzlement. The count upon which the conviction was had, (the others being abandoned,) alleges that the defendant on, &c. *as the agent* of William H. Snyder, had collected and received certain money for him the said Snyder, to wit, &c.; that said defendant after having received said money, and which came to his possession and under his care by virtue of his employment as *such servant* of said Snyder, and while he was such servant of said Snyder, did feloniously embezzle, convert to his own use, take and make way with the said money, without the assent of said Snyder, the master and employer of the said defendant, against the statute, &c.

It was proved on the trial that the defendant, who was a constable, was employed by Snyder to collect several small accounts against different individuals. He was authorized by Snyder to take out summonses before a justice of the peace, who was named, and go with them to the debtors and ask for payment. If the demand in any case was paid, the process was not to be served; if payment was not made, it was to be served, and then the defendant was to appear in the suit on behalf of Snyder, and obtain judgment. One of the accounts was against Daniel Darrow; and evidence was given to show that the defendant went to Darrow, having first procured a summons against him, and that without any service of the process, Darrow paid the demand ($3) and also fifty cents which the defendant exacted as costs, for which the defendant gave a receipt signed with his own name. The defendant afterwards returned the summons as personally served, appeared for Snyder at the return day, and swore, as a witness, to an admission by Darrow of the indebtedness; upon which judgment was rendered in favor of Snyder against Darrow, and an execution was afterwards issued to another constable. The defendant

gave some evidence not materially affecting the case made by the prosecution. The defendant insisted that the indictment was bad, and also that no offence had been proved. The court overruled the objection to the indictment, and instructed the jury that the defendant was the clerk or servant of Snyder for the collection of the money due him from Darrow, within the meaning of the revised statutes respecting embezzlement, (2 *R. S.* 678, § 59,) and that the evidence was sufficient to sustain the count upon which the conviction was sought, leaving it however to them to say whether on the whole he was guilty or not. The defendant excepted to the charge. The jury found him guilty.

*B. F. Potter,* for the defendant. 1. The count on which the conviction was had does not charge the defendant with any offence. An *agent* is not within the provisions of the statute. 2. The defendant did not, upon the evidence, sustain such a relation to Snyder, as to make the act of appropriating the money of the latter to his own use an act of embezzlement. An officer, such as a sheriff or constable, an attorney at law or a collecting agent, is not a servant of the party whose business he transacts; the money received under such agencies is not the specific money of the employer, but the agent upon receiving it becomes the debtor of the one entitled to it. (2 *Russ. on Crimes,* 124 *and seq. ; id.* 1062, 1066; 4 *Taunt.* 258, 284; 3 *Ch. Cr. L.* 918, 936.)

*P. Potter,* (district attorney,) for the people. The indictment, taking the whole count together, is sufficient. The word agent used in the early part of the count is explained by what follows, in which it is shown that a servant is meant.

Under the circumstances, the defendant was a servant of Snyder, and the money when received was that of the employer. He did not receive it as a constable, but under an unofficial employment, which in its effect created the legal relation of master and servant. (*The People* v. *Sherman,*

The People *v.* Allen.

10 *Wend.* 298; *The People* v. *Hennessey,* 15 *id.* 147; *The People* v. *Dalton, id.* 581.)

*By the Court,* BEARDSLEY, Ch. J. As the defendant was found guilty on the first count of the indictment only, the others having been abandoned by the public prosecutor, that count alone is now in question. It is not pretended on behalf of the people that the first count charges any offence at common law, but it is said to be sustainable on the statute as to embezzlement. (2 *R. S.* 678, § 59.) The first clause of this section of the statute, and which alone can be supposed to have any bearing on the case in hand, is, in terms, limited to *clerks* and *servants,* and has no application to any other class or description of persons. But the first count of this indictment charges that the defendant as the *agent* of Snyder, collected and received the money alleged to have been embezzled, and not that it was collected and received as his *clerk* or *servant.* Nor is the averment that the money was received as agent, at all changed or qualified by the subsequent allegation that it came to the possession of the defendant "by virtue of his said employment *as such servant* of the said"—"Snyder, and while he was such servant *as aforesaid."* This only amounts to an allegation that the money was received by the defendant as *such servant,* as an agent is or may be, and not that he in fact received it as the servant of Snyder.

The term agent is *nomen generalissimum,* and although it includes clerks and servants, who are properly agents of their employers and masters, it is by no means restricted to such persons. (*Paley on Agency, by Dunlap, p.* 1 *and note.*)

An indictment upon a statute must state all such facts and circumstances as constitute the statute offence, so as to bring the party indicted precisely within the provisions of the statute. (1 *Chit. Cr. L.* 281, 282, 283, *ed. of* 1841; *Archb. Cr. Pl.* 50, *ed. of* 1846.) If the statute is confined to certain classes of persons, or to acts done at some particular time or place, the indictment must show that the party indicted, and the time and place when the alleged criminal acts were perpetrated,

were such as to bring the supposed offence directly within the statute. In conformity with these principles it will be seen that the precedents of indictments on the English statutes as to embezzlement, and which like the clause of the revised statutes referred to, apply in terms to clerks and servants only, uniformly allege in direct terms, that the person indicted was such clerk or servant. (3 *Chit. Cr. L.* 962; 3 *Maule & Sel.* 539; *Archb. Cr. Pl.* 275.) These are precedents for indictments on 39 *Geo.* 3, *ch.* 85, and 7 *and* 8 *Geo.* 4, *ch.* 29. But indictments on 52 *Geo.* 3, *ch.* 63, which makes certain acts of brokers, agents and others, criminal offences, also allege that the party indicted was a broker, agent or other particular person, as the case might be. (3 *Chit. Cr. L.* 967.) These precedents are in conformity with the settled rule of law on this subject; the court below therefore erred in holding that the first count charged an offence within the section of the revised statutes to which reference has been made. On this ground alone a new trial would be proper, although I entertain no doubt that the defendant, upon the evidence in the case, was neither a servant nor clerk of Snyder, within the true meaning of this section of the statute; and therefore had the indictment been such as the law requires, the defendant could not have been convicted of embezzlement. Whether either of the other counts in this indictment can be sustained, I shall not undertake to determine. The conduct of the defendant, if the witnesses are to be credited, and nothing appears in the case as presented to render their statements at all questionable, was grossly fraudulent, and in some respects of the most aggravated criminality. But whether this indictment is adapted to any offence which can be proved, may be determined on another trial.

New trial ordered.