THE PEOPLE *vs.* ABRAHAM STEIN and al.

In an indictment for having feloniously received certain goods and chattels which
   had been embezzled, knowing them to have been embezzled, *it is not neces*
   sary to aver that the person embezzling was the clerk or servant of the
   owner of the goods and chattels.

In a criminal case, one good count is sufficient to support a general verdict of
   guilty, though the other counts in the indictment are defective.

Where several persons are indicted for feloniously receiving embezzled goods,
   knowing them to have been embezzled, all who are proved to have con-
   federated in the transaction may be convicted, though the receiving was at
   different times and places, and though all were not present.

Certiorari to the court of sessions of Albany county. The
defendants were indicted in the court of sessions of the offence
of embezzlement.   There were two counts in the indictment.

The first count set forth that Abraham Stein, Israel Stein,
and John Myers, late of the city of Albany, in the county o f
Albany, &c., being persons of evil name and fame and of dis-
honest conversation, and common buyers and receivers of stolen
goods, on, &c., with force and arms,. at, &c., one detached lever
watch of the value of twelve dollars, one hunting lever watch
of the value of fifteen dollars, one watch of the value of thirteen
dollars, one lepine watch of the. value of nine dollars, two
lepine watches of the value of eight dollars each, &c., &c.,
(enumerating several hundred articles of jewelry and other
property) of the goods and chattels of Lewis Goldsmith, by
Moses Barks, then lately before feloniously embezzled of the
said Lewis Goldsmith, unlawfully, unjustly and feloniously did
receive and have (the said Abraham Stein, Israel Stein, and
John Myers, then and there well knowing the said goods and
chattels to have been feloniously embezzled), to the great da-
mage of the said Lewis Goldsmith, contrary to the form of the
statute in such case made and provided, and against the peace
of the people of the state of New York and their dignity.

The second count charged a receiving of stolen property, alleging that the defendant, on, &c., at, &c., one detached lever watch of the value of twelve dollars, &c. (enumerating the same property as in the first count), of the goods and chattels of Lewis Goldsmith, by Moses Barks, then lately before feloniously stolen of said Moses Barks, unlawfully, unjustly and feloniously, did receive and have (the said Abraham Stein, Israel Stein and John Myers, then and there, well knowing the said goods and chattels to have been feloniously stolen) to the great damage, &c., contrary, &c., against, &c.

The defendants pleaded not guilty, and the cause was tried before Parmelee, county judge, and the justices of the sessions on the 14th May, 1850.

And on the trial the prosecution to sustain the indictment examined several witnesses, and the defendants also examined several witnesses; and the evidence in the cause having been closed, the counsel for the defendants insisted before said court, that the defendants could not be convicted under either count of said indictment, for the following among other reasons, that is to say:

1. Because, although the evidence shows that Moses Barks was clerk and servant of Lewis Goldsmith, yet the first count of the indictment does not aver that fact.

2. Because in an indictment for receiving goods knowing them to be embezzled, the indictment must state the substantive fact that such embezzlement was committed by a clerk or servant.

But the court held otherwise, and decided that the first count of said indictment was good, valid and sufficient without such substantive fact being stated or averred, to which decision of the court the counsel for the defendants did there and then except.

And the counsel for the defendants did further insist and request the said court to decide that the second count of said indictment was not supported by the evidence, in that it was shown that the property mentioned and described therein was not feloniously stolen of Moses Barks, but of Lewis Goldsmith,

if feloniously stolen at all, but the court then and there held and decided the words, "*of said Moses Barks*" were a clerical error or might be stricken out or disregarded as surplusage.

To which decision of the court the counsel for the defendants did then and there except.

The counsel for the prosecution and for the defendants then summed up the case to the jury, and the county judge charged the jury.

The defendants' counsel then requested the court to charge the jury that the defendants could not be convicted under the first count in the indictment, because it is not averred therein that Moses Barks was a clerk or servant of Lewis Goldsmith, and that the property he is charged with embezzling came to his possession or under his care by virtue of such employment, and that such averment in substance is necessary to render the indictment good against the defendants as receivers of embezzled property.

But the court charged the jury otherwise, and decided that the first count of said indictment was good, valid and sufficient against the defendants as receivers of embezzled property. To which decision and charge of the court the counsel for the defendants excepted.

And the counsel for the defendants further requested the court to charge the jury that the defendants could not be convicted under the second count in the indictment, because such count was not supported by the evidence, by which it appeared that the property described therein was not feloniously stolen of Moses Barks, but of Lewis Goldsmith, if feloniously stolen at all, but the court refused so to charge, and charged that the words "of said Moses Barks" in said second count were a clerical error and might be disregarded as surplusage. To which decision the counsel for the defendants excepted.

The counsel for the defendants further requested the court to charge the jury that the indictment being a joint indictment against all the defendants, a joint act of receiving must be proved against all in order to convict all; but the court refused so to charge, and charged as follows: " If the jury believe that

The People *v.* Stein.

any one of the defendants was guilty of receiving, &c., he could be convicted under this indictment; and that all whom the jury believed to have so received the property could be convicted upon this indictment and under the evidence in the case, though the receiving was at different times and places, and that although all the defendants were not present." To which refusal to charge the counsel for the defendants excepted.

The jury gave a general verdict of guilty against all the defendants.

*A. J. Colvin,* for the defendants.

I. The first count of the indictment is bad, and the court of sessions erred in deciding that it was valid, and that the defendants could be convicted upon it. 1. Because embezzlement, as a felony, is a statutory offence; and it is such felony only, when committed by a clerk, agent, servant or officer. It is indispensable, therefore, to aver that the embezzlement was committed by a clerk, agent, servant or officer. (*People* v. *Allen,* 5 *Denio,* 70; *Wheaton's Cr. L.* 273; 2 *R. S. 3d ed.* 764, §59.) 2. And because, in the structure of an indictment for receiving property embezzled, it is necessary to aver that it was embezzled contrary to the statute (2 *R. S. 3d. ed. p.* 765, §61;) in other words, to aver that the property received was embezzled by a clerk, agent, servant or officer.

II. The second count of the indictment was not sustained by the evidence, and the exceptionable matter should not be treated as surplusage.

III. The defendants having been convicted upon both counts of the indictment, are entitled to a new trial. 1. Because the party will be entitled to a new trial, if the court committed an error in law, which possibly may have operated to his prejudice. (*Coles* v. *Marquand,* 3 *Hill,* 447.) 2. Because, in a criminal case, the important and controlling question is, whether any error has been committed which could affect the rights of the accused. If there has been such error, however slight it may have been, the conviction should be set aside. (*People* v

*Lohman,* 2 *Barb.* 221.) 3. Because, in this case, a discretion is allowed the court in passing sentence. It may sentence for two years on the first count, and three years on the second count, or *vice versa;* and a general judgment for the prosecution on an indictment containing two or more counts, either of which is bad, and where the punishment is not definitely prescribed by law, can not be sustained. (*O'Connell and others* ·v. *The Queen,* 11 *Clarke and Finnelly's Parliamentary Reports,* 155.)

IV. The court of sessions was bound to charge as requested, viz: " That the indictment being a joint indictment against all the defendants, a joint act of receiving must be proved against all, in order to convict all." (*Rex* v. *Messingham,* 1 *Moody's C. C.* 257; *Rex* ·v. *Archer; Ibid.* 143.) 1. Because, being an averment of the indictment, it was a fact to be affirmatively shown on the part of the prosecution, and was indispensable to be found, before the jury could convict. 2. Because the defendants were entitled to the benefit of the charge, whatever was the nature and degree of the evidence. 3. This was eminently a proper case for the court so to charge; and a bill may be taken, if, in a proper case, the court refuse to give an opinion to the jury. (*Douglass* v. *McAlister,* 3 *Cranch,* 300; *Smith* v. *Carrington,* 4 *do.* 60, 62; 2 *Dana,* 242; 2 *Aikens,* 115.)

V. If the refusal to charge was erroneous, the charge itself was much more so. 1. Because (immediately following the refusal) it was calculated, nay, such was its inevitable effect, to mislead the jury; for it was not correct, that all the defendants who received the property, could be convicted, though the receiving was at different times and places, and that although all the defendants were not present. 2. The charge would have been correct, had the indictment contained separate counts, for receiving against each defendant; but being a joint indictment, it can, upon no principle, be sustained. (1 *Moody C. C.* 257; ˜ *Carr. and P.* 796; 32 *Eng. C. Law Rep.* 589.) 3. Again, it is erroneous, because the court assumed that the defendants were confederates; a fact which should have been left to the

The People *v*. Stein.

jury to find.   4. Because the defendants could not be confede-
rate, unless they were all present, *actually* or *constructively*
aiding, abetting and assisting.   (1 *Russell on Crimes*, 25 *to* 27,
*ed.* 1845; *Com.* v. *Knapp*, 9 *Pick.* 496; *King* v. *Borthwick,*
*Doug.* 207.)   5. Because the jury were charged to convict, if
they found a separate receiving of goods embezzled, or goods
stolen; in other words, that they were at liberty to convict,
under either count of the indictment, and consequently under
the first count, which is clearly a bad count.

*S. H. Hammond* (district attorney), for the people.

I. The first count in the indictment charges that the defend-
ants received the goods of Barks with the knowledge that
Barks had embezzled them.   The crime charged is receiving
them with a guilty knowledge of the embezzlement.   The *fact*
that the goods had been embezzled it was necessary to state in
the indictment, but not the *evidence of the fact*.   It need not
allege the facts necessary to be stated in an indictment for
embezzlement, because embezzlement is not the crime charged
against the defendant.   (*Wharton's American Criminal Law,*
420; 2 *Blackford* 103.)

II. The second count is good, because 1. If the reading is as
claimed by the defendants, the words "of Moses Barks " is a
clerical error and may be stricken out as surplusage.   (1 *Leach,*
109, 477.)   2. The defect, if any, is not one that can preju-
dice the defendants.   3. But the reading is not as claimed by
the defendants; a false punctuation is resorted to, to give it
that reading.   The allegation in fact is, that the defendants
received the goods of Moses Barks, as will be understood by
placing a comma after the word " stolen" in the indictment.

III. The charge of the judge was correct.   Every indict-
ment, where there are more than one defendant, is joint and
several.   Three persons are indicted for robbery, one may be
convicted and one may be acquitted.

IV. The judge's charge properly understood, simply amounts
to this, 1. If the jury believed that only one of the defendants

received the goods with a guilty knowledge, they could convict him and acquit the others. 2. If they believed two of them received the goods, they could convict those two and acquit the other, and that it was not necessary in order to convict the two to prove that all the persons indicted were present at such receiving. That the two could be convicted though part of the goods was received by them at one time and place, and a part of them was received at another time and place.

V. The judge's charge was in substance what the counsel asked him to charge, and he need not adopt the language of the counsel.

VI. Our statutes alter the English rule in regard to criminal trials. Here indictments which are joint may be tried separately as against each defendant, and if tried jointly the verdict as to each will be the same as though the trial had been several.

Suppose these prisoners had been tried separately, and an act of receiving had been proved against the one first tried, clearly he could have been convicted. Suppose when the second one came to be tried, another act of receiving had been proved against him, clearly he could not escape because others were joined with him in the indictment, nor because the one first tried had been convicted — and so when the third came on to be tried. Hence we say

VII. That a joint receiving by all need not be proved. (7 *Carrington & Payne,* 475; 1 *Moody,* 143; 1 *Carr & Kennin,* 442; *Russ & Ry.* Cro. Cas. 520; *White's Am. Cr. Law,* 419; *Cow. & Hill's notes,* 1050.)

PARKER, J.—The first count charges that the defendants did unlawfully, unjustly and feloniously receive certain personal property of the goods and chattels of Lewis Goldsmith, which had been feloniously embezzled of the said Lewis Goldsmith by Moses Barks, the said defendants at the time well knowing the said goods and chattels to have been feloniously embezzled, &c. It is objected that this count is defective in not alleging that Moses Barks was the clerk or servant of Lewis

The People *v.* Stein.

Goldsmith. Such an averment would certainly be necessary in an indictment against Barks for the embezzling. (*People* v. *Allen*, 5 *Denio*, 76.) So would an averment of time and place in larceny. But it has been decided that an averment of the time and place of a larceny is not necessary in an indictment for receiving the stolen goods. (12 *Blackford R.* 103.) The same averments are not necessary in an indictment for receiving stolen or embezzled goods which are necessary in an indictment for stealing or embezzling. In an indictment for receiving embezzled goods, the facts necessary to be averred are the felonious embezzling and the felonious receiving. In such case, I think, an allegation of such felonious embezzling and receiving with a description of the property and the name of the owner as well as of the person embezzling, is sufficient, without setting out the particular relation existing between the owner and the person embezzling. The means by which the embezzling was accomplished need not be stated in an indictment for receiving. It is by means of the peculiar relation existing, that access is obtained and the property converted. An allegation of a felonious embezzlement includes within it and covers all the minor circumstances which go to make up the offence. They are matters of proof necessary to support the general allegation put in issue by the plea of not guilty. We think the objection to the first count was not well taken.

But if we are wrong on this point, it is not a reason for reversing the judgment, if the second count is good. We can not follow the decision of the English House of Lords in *O'Connell and al.* v. *The Queen.* (11 *Clark & Fin*, 155.) That case was decided by the Law Lords by a vote of 3 to 2 and adversely to the opinions of the majority of the judges of England, who were consulted. In this state, the law has been regarded as well settled, and it has been repeatedly held, that in a criminal case one good count is sufficient to support a general verdict of guilty, however defective the others may be. (1 *Ch. Cr. L.* 249; *Am. ed. of* 1836, *ib.* 638; *People* v. *Curling*, 1 *Johns. R.* 320; *People* v. *Wiley*, 3 *Hill R.* 194.) Though

the law is otherwise in a civil case, for tl e reason that damages are given by the jury, and being entire, the court can not apportion them.

There was no valid objection to the form of the second count. If properly punctuated, it alleged tl e stealing from Lewis Goldsmith, and the receiving from Mose: Barks. With this reading of the count, it is not denied but it was supported by the evidence.

The court below was asked to charge, that the indictment being joint against all the defendants, a joint act must be proved against all in order to convict all. The court refused so to charge and the defendants excepted.

This proposition standing alone and unexplained was undoubtedly correct; but it must be taken and considered as qualified by what the court did charge, viz.: that if the jury believed that any one of the defendants was guilty of receiving, &c., he could be convicted under the indictment; and that all whom the jury believed to have so received the property could be convicted upon the indictment and under the evidence in the case, though the receiving was at different times and places and although all the defendants were not present.

The whole taken together shows clearly that the question made was, whether, to convict all, it was necessary that all should be present at one time and place, engaged in the receiving. And the court rightly held, that all whom the jury believed to have so received the property, that is, all who were proved to have confederated in the transaction, could be convicted, though the receiving was at different times and places, and although all the defendants were not present. The question of the confederacy of the defendants was thus fairly submitted to the jury, and if that was established, those absent as well as those present, were equally guilty. And if all confederated for the purpose of the transaction, and it was accomplished, though at different times and places, sometimes a part of the confederates being present and sometimes others, there is no doubt all were properly conv'cted.

We think there was no error committed in the court of sessions, and the proceedings in that court must therefore be affirmed and the case remitted, that judgment may be given in accordance with the verdict.

Proceedings affirmed.

