The order of special term is affirmed, with costs.

INGRAHAM, P. J., and LEONARD, J., concurred.

---

## VINCENT *a.* THE PEOPLE.

*Supreme Court, First District; General Term, Jan.*, 1862.

FORGERY. — SUFFICIENCY OF INDICTMENT. — STATUTORY DEFINITION OF THE CRIME.—COMMISSIONERS' CERTIFICATE.—AFFIDAVIT.—PRACTICE ON WRIT OF ERROR.

Under an indictment charging forgery after a conviction of a previous felony, it is competent for the jury to convict of forgery without noticing the previous conviction.

An indictment for forgery of a certificate of acknowledgment to a deed, but setting forth a certificate without a venue, and not averring that the commissioner of deeds, whose name was forged, had authority to take such acknowledgment, is fatally defective.

The objection may be raised after verdict.

On a writ of error, to review a criminal conviction, where the evidence is not returned, the court will presume that the evidence verified the indictment, but not that it verified facts or circumstances, entering into the definition of the crime not alleged in the indictment.

Writ of Error to New York General Sessions.

Honeywell Vincent, otherwise called Henry Vincent, the plaintiff in error, was convicted at the New York General Sessions of forgery in the first degree, and sentenced to an imprisonment of ten years in the state-prison. He sued out a writ of error. The case came up upon the indictment and postea. The felony charged in the indictment was as follows, omitting the averments of a previous conviction for felony:

" And the jurors aforesaid, now here sworn, upon their oath aforesaid, do further present, that the said Honeywell Vincent, otherwise called Henry Vincent, having been so convicted of felony, to wit, of obtaining goods by means of false pretences, and having been duly discharged and remitted of such judgment and conviction; afterwards, to wit, on the first day of May, in the year of our Lord one thousand eight hundred and sixty, at the First Ward of the city of New York, in the county of New York, aforesaid, with force and arms, feloniously did forge and counterfeit, and falsely alter, and cause and procure to be forged and counterfeited, and falsely altered, and willingly act and assist in the forging and counterfeiting and falsely altering, a certain instrument and writing, commonly called a certificate, the same being a certificate of the acknowledgment, by one Sarah J. Lyon, of a certain mortgage, the said mortgage being an instrument which, by law, might be recorded, which said false, forged, and counterfeited certificate, *is in the* words and figures following, that is to say:

" ' *State of New York,* } ss:
————— *County.* }

" ' On this first day of May, in the year one thousand eight hundred and sixty, before me, the subscriber, appeared Sarah J. Lyon, appeared to me personally known to be the same person described in, and who executed the within instrument, and acknowledged that she executed the same.

" ' ABRM. W. KENNEDY,
*Commissioner of Deeds.*'

" Which said false, forged, and counterfeited certificate, was indorsed on the said mortgage, which is in the words and figures following, that is to say :

" ' This indenture, made the first day of May, in the year one thousand eight hundred and sixty, between Sarah J. Lyon, of the city, county, and State of New York, of the first part, and H. Vincent, of said city, party of the second part, witnesseth : that the said party of the first part, in consideration of the sum of one thousand dollars, to her duly paid, hath sold, and by these presents doth grant and convey to the said party of the second part, all my right, title, and interest in and to a certain parcel or piece of land, lying, being, and situate in the city of New York, and located on the westerly side of the Seventh Avenue, in the Twelfth Ward of said city ; the said property consisting of two lots of ground, measuring twenty-five' feet front and rear, by one hundred feet each in depth, known and distinguished on a certain map, entitled a " Map of Harlem Heights," and now on file in the Hall of Records, in said city aforesaid, with the appurtenances, and all the estate, title, and interest of the said party of the party of the first part, therein. This grant is intended as a security for the payment of one thousand dollars, which payment, if duly made, will render this conveyance void.

" ' In witness whereof, the said party of the first part hath hereunto set her hand and seal, the day and year first above written.                                    SARAH J. LYON, [L. S.]

" ' Sealed and delivered in } ABRM. W. KENNEDY.'
      the presence of            }

" With intent to injure and defraud one Edward R. Robinson, and divers other persons, to the jurors aforesaid unknown, against the form of the statute in such case made and provided, and against the peace of the People of the State of New York and their dignity."

The postea, omitting formal portions, was as follows : " On conviction, by verdict of forgery in the first degree, it is ordered and adjudged by the court, that the said Honeywell Vincent, als. Henry Vincent, for the felony aforesaid, whereof he is convicted, be imprisoned in the state-prison, at hard labor, for the term of ten years."

*Sydney H. Stuart*, for plaintiff in error.—I. The indictment fails to describe the offence charged in the language of the statute, or to state all the circumstances constituting the statutory definition of the crime alleged. The fault of the indictment in this particular, is the omission of the statutory words, "purporting to have been made by an officer duly authorized to make such certificate." (2 *Rev. Stat.*, 670, § 22.) The omitted words are part of the statutory description of the offence, and their absence is fatal to the validity of the indictment. (State *a*. Godfrey, 24 *Main.*, 232; People *a*. Allen, 5 *Den.*, 76; Ike *a*. State, 23 *Miss.*, 525.) All statutory indictments for felonies, must state the offence in the language (or its equivalent) of the statute, creating or declaring against the crime. (State *a*. Noel, 5 *Blackf.*, 548; Howell *a*. Com., 5 *Grattan*, 664; State *a*. Brougham, *Blackf.*, 307; State *a*. O'Brien, 1 *Baily*, 144; Hamilton *a*. Com., 3 *Penn.*, 142; State *a*. Foster, 3 *McMason*, 442; State *a*. Fleetwood, 14 *Mason*, 448; Com. *a*. Tucker, 20 *Pick.*, 356; Hampton's Case, 3 *Grattan*.)

II. The indictment does not aver that the mortgage upon which the certificate of acknowledgment was indorsed, was ever delivered, or in any other manner executed in fact.

III. The indictment, while charging the certificate to be a forged certificate of acknowledgment, &c., presents it as a true certificate of acknowledgment; "the defendant did forge a certain instrument in writing, commonly called a certificate; the same [not purporting to be, but] being a certificate of the acknowledgment." If in any important particular, the language of an indictment is so incongruous, that a conflict of essential facts seems to exist, it will be quashed on motion; on or after conviction, a new trial granted upon writ of error. (6 *L. R.*, 19.)

IV. The indictment does not charge the defendant with the statutory offence of the forgery of a certificate, but with the forgery of "a certain instrument and writing, commonly called a certificate, the same being a certificate of the acknowledgment," &c. This is an imperfect description. (Rex *a*. Craven, 2 *East*, 601. See authorities as to first point.)

V. The face of the certificate shows no venue or place of its execution, or in and for what county or city the commissioner was appointed, or had authority to take acknowledgments of

the execution of deeds and mortgages; nor are these defects, or any of them, cured by any averments of such extrinsic facts as became necessary to be proved to supply the imperfections of the certificate. The statute provides that "no commissioner of deeds shall take any acknowledgment of the execution of any conveyance, out of the city or county in and for which he was appointed." (2 *Rev. Stat.*, 756.) "An affidavit without a venue is a nullity, although sworn before a commissioner of deeds whose residence is mentioned in the jurat. It must indicate the county in which it was taken, or it will be void." (Cook *a*. Staats, 18 *Barb.*, 407.) "The venue is an essential part of an affidavit." (1 *Barb. Ch.*, 601.) "An affidavit without a venue, taken before a commissioner of deeds whose residence is not mentioned, is a nullity." (6 *How. Pr.*, 394.) "An affidavit of one county as a venue, sworn before an officer in another county, having authority to take affidavits in his county, cannot be read." (2 *Ib.*, 86, 127, 181.) It is confidently submitted, that this certificate would not be valid if true. "An instrument, to be the subject of an indictment for forgery, must be valid, if genuine for the purpose for which it is made." (People *a*. Harrison, 8 *Barb.*, 560, with authorities there cited.)

VI. The indictment does not allege that the defendant forged the "certificate" with an intent to cheat and defraud. The language of the indictment is, "which said false, forged, and counterfeit certificate was indorsed on the said mortgage, with intent to injure and defraud one E. R." It is clear that the intent to defraud is not made to relate to the act of forging the certificate, but to the act of indorsing it upon the mortgage, after it was fabricated. The indictment treats the certificate as an independent and substantive instrument, entirely distinct from the mortgage, until connected with it by an averment that it was indorsed thereon; "which certificate [then already forged] was indorsed upon the said mortgage, with intent," &c. When or by whom the indorsement was made is not pretended.

VII. The indictment charges that this forgery was committed after the defendant had been convicted and remitted of a previous felony: the verdict is "guilty of forgery in the first degree." This verdict is not responsive to the charge in the indictment, which is forgery in the first degree as a second offence. A verdict must respond to the charge supposed in the

indictment, or to one or more of the counts of the indictment, otherwise, it will be set aside.

*John H. Anthon,* for the People.—I. The question is, whether upon any supposable proof, testimony, or state of facts, the judgment pronounced could have been given upon the indictment returned; the presumption after verdict being that the testimony supported it, and proved every thing that could be proved under the indictment. (1 *Greenl. Ev.,* § 19; *Grah. Pr.,* art. Motion in Arr.; Thompson *a.* People, 3 *Park. Cr.,* 208; Waller *a.* State, 4 *Ark.,* 37; Sweetapple *a.* Jesse, 5 *B. & Ad.,* 27; *Barbour Cr. Law.,* 372; Holmes *a.* People, 15 *Abbotts' Pr.,* 154; Reg. *a.* Waters, 2 *Ben't & Heard,* 69.)

II. The omission of the words, "purporting to have been made by an officer duly authorized to make such certificate," is wholly immaterial, and the mode of stating the forgery, as a "certificate" instead of "a false certificate" or a "paper purporting to be a certificate," is correct. (People *a.* Rynders, 12 *Wend.,* 425; Thompson *a.* People, 3 *Park. Cr.,* 208; State *a.* Fenley, 18 *Miss.,* 445; State *a.* Gardner, 1 *Iredell,* 27; People *a.* Badgley, 16 *Wend.,* 53; People *a.* Stearns, 21 *Ib.,* 409; People *a.* Warner, 4 *Barb.,* 314; Charles *a.* People, 1 *N. Y.,* 180; *Whart. Prec. of Ind.,* 264; Lyon's Case, 2 *Leach,* 597, 608.) In all these cases, except the last, the indictments were identical in these respects with that under consideration, and the doctrine held is, that "it is sufficient to allege that the defendant forged an instrument, setting it out *in hæc verba,* with intent to defraud."

III. The same cases are conclusive upon the question raised by the fourth point for the defendant," &c. The description is good. In Craven's Case the note was not set out *in hæc verba.* The omission was of the word "promissory" or "bank," which were needed to show that the paper was the subject of larceny. The words "the same being" were omitted.

IV. No averment of the delivery of the mortgage was necessary, especially upon an indictment for the forgery and not the uttering. The delivery was merely evidence of fraudulent intent, and as such need not be alleged. It is sufficient if the court see that the instrument might be so used as to defraud. (People *a.* Stearns, 21 *Wend.,* 409.)

V. In general, the rule is that no more certainty is essential in an indictment than will apprise the defendant of the precise charge against him. (People *a.* Powers, 6 *N. Y.*, 50; People *a.* Tredway, 3 *Barb.*, 470; Biggs *a.* People, 8 *Ib.*, 547; People *a.* Phelps, 5 *Wend.*, 10; People *a.* Taylor, 3 *Den.*, 91; Butler *a.* People, 4 *Ib.*, 68.)

VI. If the certificate in the form in which it appears in the indictment, with the omission in the venue, would be void, then the conviction must be sustained, because: 1. The court must intend that the indictment and verdict were supported by appropriate proof (see cases under Point I.), and that the forgery charged consisted in the very act of making a certificate originally complete assume this appearance, that is, by a material erasure; and 2. Such charge would be well stated by an indictment alleging the forgery of the entire instrument as it appeared after the erasure. (*Archbold Cr. Pldg.*, 428; R. *a.* Teague, 2 *East*, 978, 979; R. *a.* Atkinson, 3 *C. & P.*, 699; *Whart. Cr. Pldg.*, 428; 1 *Iredell*, 24; 13 *Ib.*, 491; Holmes *a.* People, 15 *Abbotts' Pr.*, 154; State *a.* Flye, 26 *Me.*, 312.)

VII. If the omission in the venue of the certificate originally existed, it could have been supplied by parol proof that the acknowledgment was in fact taken in the place for which the commissioner was appointed, and the court must intend that it was so supplied, and that the forgery charged consisted of some other material erasure or alteration. (People *a.* Tredway, 3 *Barb.*, 470; Jackson *a.* Gumaer, 2 *Cow.*, 552; R. *a.* Birkett, *Russ. & Ry.*, 86.)

VIII. The statute does not require any place of execution to be noted on the certificate. The only law on the subject prohibits a commissioner from actually taking an acknowledgment out of the place of his appointment. It is directory merely, and does not make the instrument void, and instruments not complying with directory statutes, are subjects of forgery. (Lynch *a.* Livingston, 6 *N. Y.*, 422; *Bishop Cr. Law*, § 443; *Barbour Cr. Law*, § 117; *Roscoe's Cr. Ev.*, § 291; R. *a.* Lyon, *Russ. & Ry.*, 255; 2 *Russel on Cr.*, 350, and cases cited; People *a.* Rathbun, 21 *Wend.*, 509.)

IX. The intent to defraud is well stated.

X. On indictment for forgery in the first degree, as a second offence, the jury can find the prisoner guilty of forgery in the

first degree, and negative the previous conviction, and so they did in this case. (Palmer *a.* People, 5 *Hill*, 427.)

BY THE COURT.—SUTHERLAND, J.—There is no bill of exceptions in this case, nor any complete record.

The only questions in the case relate to the sufficiency of the indictment, and to the form of the verdict and consequent judgment.

The indictment, if it charges any crime, charges forgery in the first degree after conviction of a previous felony. The verdict and sentence was for forgery in the first degree without noticing the alleged conviction of a previous felony. As we have nothing but the indictment and entry of judgment before us, we cannot say whether there was on the trial any proof of a previous conviction; but whether there was or was not, the form of the verdict was well enough. Certainly the prisoner cannot complain that the jury did not take into consideration his previous conviction, if proved.

The only question in the case then is, whether the indictment charges the offence of forgery in the first degree.

The allegation in the indictment is, that the prisoner feloniously did forge, &c., "a certain instrument and writing commonly called a certificate, the same being a certificate of the acknowledgment by one Sarah J. Lyon of a certain mortgage, the said mortgage being an instrument which by law might be recorded;" setting forth the certificate *in hæc verba.*

The certificate, as thus set forth, purports to have been made by Abrm. W. Kennedy, commissioner of deeds; but it has no venue—that is, the acknowledgment which it certifies does not, by it, purport to have been taken in any particular county or city of the State; and there is nothing on its face to show of what county or city Kennedy was a commissioner.

The certificate commences, "State of New York, ——— county, ss," the name of the county being omitted; otherwise it is in the usual form.

The statute (2 *Rev. Stat.*, 626, 5 ed.) declares the forging, &c., of "any certificate or indorsement of the acknowledgment by any person of any deed or other instrument which, by law, may be recorded, made, or purporting to have been made by any

officer duly authorized to make such certificate or indorsement," forgery in the first degree.

The indictment in this case does not allege that the certificate was made, or (in words) that it purports to have been made by an officer authorized to take the acknowledgment, or to make the certificate ; but as the certificate is set forth *in hæc verba*, the indictment does, in effect and sufficiently, allege that it purports whatever the certificate, as set forth in the indictment, purports. (People *a.* Rynders, 12 *Wend.*, 425 ; People *a.* Stearns, 21 *Ib.*, 409.)

The question then is, whether the certificate, as thus set forth, does purport to have been made by an officer duly authorized to make it ?

It purports to have been made by Abrm. W. Kennedy, as a commissioner of deeds; and a commissioner of deeds is an officer authorized to take and to certify the acknowledgment of deeds, &c. : but they are local officers, appointed for particular counties and cities, and the statute declares that a commissioner of deeds shall not take such acknowledgment out of the city or county for which he was appointed. (3 *Rev. Stat.*, 46, § 4, 5 ed.)

The question is not, whether the certificate, as set forth in the indictment, purports to have been made by a commissioner of deeds; but whether it purports to have been made by a commissioner of deeds authorized to make it, or to take the acknowledgment which it certifies.

It certainly does not, for it does not purport to have been made, or that the acknowledgment was taken in any particular county or city of the State. The authority or jurisdiction of the officer depending on locality, it would seem to follow that the certificate, as set forth, cannot purport that Kennedy was authorized to make it, or to take the acknowledgment, in the absence of any venue, or of any thing on its face, to indicate in what county or city it was made, or the acknowledgment taken.

It has been held, that an affidavit, without a venue, is a nullity. (Cook *a.* Staats, 18 *Barb.*, 407 ; Lane *a.* Morse, 6 *How. Pr.*, 394.)

No crime, then, is charged in the indictment, for there is in it no allegation formally or otherwise, as to one of the circum stances constituting the statutory definition of the crime, *to wit*, the authority of the officer. (People *a.* Allen, 5 *Den.*, 76.)

We cannot suppose that any possible evidence on the trial could have remedied this defect in the indictment, for no possible evidence could make the certificate, as set forth in the indictment, purport more or differently from what it does.

We are bound to presume that the evidence verified the indictment; but we have no right to presume that it verified facts or circumstances entering into the definition of the crime not alleged in the indictment.

My conclusion is, that the judgment of the General Sessions should be reversed.

CLERKE and BARNARD, JJ., concurred.