————◆◆————

## SUPREME COURT.

### THE PEOPLE agt JOHN FELLINGER.

Where an *indictment*, charging *burglary in the first degree*, complies with all the requisites of the statute in describing the offence, except that it omits to state the *mode of entry into the premises*, (by forcibly bursting or breaking the wall or outer door, window, &c.,) it is *fatally defective*, and the defect is *not cured by verdict*.

Where the allegations in the indictment charged only *burglary in the second degree*, the jury have no right to find the prisoner guilty of burglary in the *first degree*, because evidence was furnished sufficient for that purpose.

*It seems*, that before the decision of the court of appeals in the *People agt. Hartung*, the law was settled, that if a *wrong judgment* be given against a defendant, which is reversed on error, the court of review *can neither give a new judgment against the prisoner, nor send the case back to the court below for the proper judgment. The judgment, being erroneous, must be reversed. A venire de novo can only be awarded where the judgment is* REVERSED ON BILL OF EXCEPTIONS.

*New York General Term, November*, 1862.

INGRAHAM, PECKHAM and LEONARD, *Justices*.

THE prisoner was indicted for burglary, was tried and convicted of burglary in the first degree, and sentenced to state prison for life. The case comes up on writ of error.

A. OAKEY HALL, *district attorney, for the people.*
S. H. STEWART, *for prisoner.*

By the court, INGRHAM, P. Justice. The alleged error is in the indictment. This indictment charges that the prisoner, on a certain day during the night of the same day, did break and enter the dwelling house of one Reinhardt,

whilst there were human beings within the said house, with intent to commit some crime therein.

The prisoner's counsel contends that this indiciment does not charge the crime of burglary in the first degree.

The statute defines this crime to be the breaking and entering into the dwelling house of another in the night time, in which there shall be at the time some human being, with intent to commit some crime therein, by forcibly bursting, or breaking the wall or outer door, window or shutter, or the lock or bolts of the door or fastening of the window, or breaking in any other manner, armed with a dangerous weapon, or with the aid of one or more confederates, or by unlocking a door with false keys, or picking the lock, &c.

It will be seen by comparing the allegations of the indictment with the provisions of the statute, that the pleader has complied with all the requisites of the statute in describing the offence, by stating those matters which generally apply to the offence of burglary in the first degree, and which must exist in each case to constitute this offence, but has omitted to state the mode of entry into the premises, which is also a requisite to make out this offence in the first degree.

The mode of breaking into the house, as stated in the statute, is just as necessary to be proved to make out the offence, as that it was in the night time, or that there was at the time a human being in the house. Without proof of one of these modes of entering the house, the offence is only burglary in the second degree.

If the indictment only contained the first count, and a general verdict of guilty had been rendered, it could not, for a moment, be supposed that the prisoner was guilty of the highest grade of burglary, because in such a case all the proof necessary to sustain the indictment would only make out a case of burglary in the second degree, and under such a verdict the punisment could only be for the minor

offence. It does not alter the rule to say that on the trial the other ingredients necessary to make out the offence were proven. There is no proof that such evidence was furnished. The case comes before us simply upon the record, and that shows no evidence whatever. The jury, on an indictment charging a lesser offence, have no right to find the prisoner guilty of the greater, because evidence was furnished sufficient for that purpose.

It is conceded that the indictment must describe the offence in the language of the statute. In doing so, it is necessary to aver every affirmative matter which goes to make out the offence. It is not necessary to negative exceptions, unless in some special cases, but in such cases the exceptions do not make out the offence. Chief Justice SAVAGE says: " it is sufficient if all the circumstances necessary to describe and render the charge intelligible in its legal requisites appear on the face of the proceedings," (*People* agt. *Phelps,* 5 *Wend., p.* 1; *see also People* agt. *Biggs,* 8 *Barb.,* 547;) and in *The People* agt. *Allen,* (5 *Denio,* 76,) BEARDSLEY, chief justice, says, an indictment upon a statute must state all such facts and circumstances as constitute the statute offence, so as to bring· the party indicted within the provisions of the statute. If the statute is confined to * * * acts done at some particular time or place, the indictment must show, &c., that the time and place where the alleged criminal acts were perpetrated were such as to bring the supposed offence directly within the statute. If the statute creates an offence or declares a common law offence, when committed under particular circumstances, not included in the original offence, punishable in a different manner from what it would have been without such circumstances, the indictment should be drawn in reference to the provisions of the statute creating or changing the nature of the offence. (*People* agt. *Enoch,* 13 *Wend.,* 159–173; *People* agt. *Allen,* 5 *Denio,* 76;) and in *The People* agt. *Dediere,* (22 *N. Y. R., p.* 178,) DENIO, judge, says,

" if any of the ingredients contained in the statute defini-
tions are omitted, the indictment is fatally defective, and
the defeat is not cured by verdict." (*See also The People
agt. Davis*, 4 *Parker*, 67.)

The cases cited from the English books refer to the offence
of burglary as it existed at common law, and under those
cases the indictments might be sustained for the common
law offence, but under our statute different grades have been
established, depending not only on the fact that there shall
be a human being in the house, and that the offence shall
be committed in the night time and with intent to commit
a crime, but also connects with it the mode by which the
burglary is effected to be by breaking into the house, either
armed or with a confederate, or by the use of false keys.
These, or one of these acts, are just as necessary to consti-
tute burglary in the first degree, as that it should be a
dwelling house or that a human being should be in it. The
case of *Thompson* agt. *The People* does not lay down any
other rule. There the indictment alleged the breaking and
entry " into the house of one Eleanor B. Padgett," and the
objection was that it was not called a dwelling house. The
learned justice who delivered the opinion, put his decision
as to the sufficiency of the indictment, upon the ground that
the · word " house " with us in common parlance, meant
dwelling house. (*Thompson* agt. *The People*, 3 *Parker C.
R.*, 213.)

The offence has been so altered by our statute from the
common law, that, to find out the degree of the offence, it
is necessary that the words or substance of the statute
should be used in its description, and if not, then the indict-
ment is fatally defective if it is intended to charge burglary
in the first degree, because it omits an essential part of the
statutory description of the felony. (*People* agt. *Lohman*,
2 *Barb.*, 216–219.)

I think it is apparent that this indictment did not charge
any higher offence than burglary in the second degree, and

that unless some matters were proved which were not alleged in the indictment, the prisoner could not have been convicted of any higher offence.

It was urged, however, upon the argument, that these defects were cured by the verdict. No defect in substance can be so cured. It is only matters of form not affecting the substantial rights of the prisoner, which can be disregarded after verdict. If it appear that the prisoner has suffered wrong by the verdict, no one can sustain the proposition that such wrong should be continued, because the jury, by their verdict, have inflicted it. · Such is this case. The indictment only charged the offence of burglary in the second degree. The verdict found the prisoner guilty of the offence of burglary in the first degree. Certainly, this is something more serious than error in matters of form. The defect is not cured by verdict. (*People* agt. *Dediere, supra.*)

In the words of Judge DENIO, in the last case, the prisoner has been convicted and sentenced for an offence of which the grand jury never indicted him.

In *The People* agt. *Powers*, (2 *Selden*, 50,) the defects in the indictment were held to be cured by the verdict. But those defects were in alleging generally, that the court before which a prior conviction of the prisoner had taken place, had jurisdiction of the subject matter and of the prisoner, by stating that the court had competent power and authority to try and to convict him for the offence. The defect was in form, merely, in not showing how the court had jurisdiction, instead of stating the same fact in general terms. Such an error was cured by the statute.

Under the present statute, classifying the crime of murder into the first and second degrees, a person might be indicted for murder in the second degree. This would be by omitting the allegation of its being premeditated, or being committed in the perpetration of some other offence. If, under such an indictment, the jury should find the pri-

soner guilty of murder in the first degree, the conviction could not be sustained, nor would the defect be cured by the verdict. The prisoner has no opportunity to make the objection before the verdict. The indictment was good for the lesser offence, and it is only when he is convicted of a higher grade of crime than that charged, that he is injured. If the defect is cured by the verdict, then the prisoner has been damnified without any remedy. He could not object to the indictment before trial, because it was good for the lesser offence, and he could not object to the verdict for the defect in the indictment, because it would be cured by the verdict. Such a rule cannot be sustained.

The remaining question is, what judgment we should render in reviewing the proceedings of the court below.

In *People* agt. *Taylor*, (3 *Denio*, 97,) the rule is stated. If a wrong judgment be given against a defendant, which is reversed on error, the court of review can neither give a new judgment against the prisoner, nor send the case back to the court below for the proper judgment. (*Rex* agt. *Brown*, 7 *A. & E.*, 58.)

The prisoner was sentenced for life, when by law the offence charged in the indictment was to be punished by imprisonment not exceeding ten years.

The judgment here rendered was erroneous, and must be reversed.

Peckham, J. The opinion is sound. I concur, except on the authority of *People* agt. *Hartung*, in court of appeals; I go for a reversal and for awarding a new trial.

There the case went up on bill of exceptions. The court held there was no error in the bill, but there was error in the judgment. Such is substantially this case.

Leonard, J., concurred.