EMANUEL HOUSER, *plaintiff in error, vs.* THE PEOPLE,
*defendants in error.*

When the accused is indicted in the county where he is apprehended, for an
unlawful marriage in another county, the indictment must show his apprehen-
sion in the county in which he is indicted; that being a fact indispensable to
authorize the court of sessions of the latter county to try the accused.

It is not enough that this jurisdictional fact is stated in the caption to the indict-
ment or record of conviction, for the reason that it is not a fact of which the
court of sessions can take judicial notice.

The omission of such an averment, in the indictment, is not a defect of form,
but of substance. It is a material defect, and is not cured by the statute,
(3 *R. S. 5th ed. p.* 1019, § 54.)

WRIT of error to the Broome county court of sessions.
Emanuel Houser was indicted at the June term of the
Broome court of sessions in 1865, for unlawfully and felo-
niously marrying one Ann Decker, on the 2d day of Septem-
ber, 1864, at the town of Dryden, in the county of Tompkins,
knowing she then was the wife of one Henry Decker, and
that she had previously been lawfully married to the latter.

There was no allegation in the indictment that Houser had
been apprehended in the county of Broome for such crime or
for any other offense, or that he was unmarried before he
married Ann Decker.

Houser was tried at the December term of the Broome
sessions in 1865, he having pleaded not guilty to the indict-
ment. The district attorney offered to prove that Houser
was apprehended in the county of Broome for the crime for
which he was being tried, before he was indicted. To which
offer Houser's counsel objected, on the ground, among others,
that there was no allegation in the indictment that Houser
had been apprehended in such county. But the objection
was overruled, and Houser's counsel excepted. The district
attorney then proved Houser was apprehended in Broome
county for said crime, before he was indicted, and gave bail
for his appearance at the court of sessions in such county.
The evidence showed that Ann Decker was lawfully married

to Henry Decker in 1857, and that Houser was married to her at Dryden, in the county of Tompkins, in February, 1865, and that he then knew she was the wife of Henry Decker. Houser's counsel requested the court of sessions to charge the jury that no offense triable in Broome county was charged in the indictment, and that it was the duty of the jury to acquit Houser. But the court refused to do so, and Houser's counsel excepted. Houser's counsel also requested the court to quash the indictment, on the ground that it charged no offense triable in Broome county. But the court refused to do so, and Houser's counsel excepted. The jury found Houser guilty, and the court of sessions sentenced him to imprisonment in the state prison for the term of two years and nine months. Houser's counsel sued out a writ of error to this court, which was allowed, with a stay of proceedings on the judgment against Houser.

*Lewis Seymour*, for the prisoner.

*O. W. Chapman*, (district attorney) for the people.

*By the Court*, BALCOM, J. When the prisoner married Ann Decker in the county of Tompkins, knowing her to be the wife of Henry Decker, he committed a crime in that county, for which he was liable to be imprisoned in the state prison not more than five years. (3 *R. S. 5th ed.* 968, § 11.) And as he was apprehended in the county of Broome for such crime, he could be indicted and tried in such county. (3 *R. S. 5th ed.* 968, § 10.)

The main question in the case is whether it was necessary that the indictment should show the prisoner had been apprehended in Broome county.

It is provided by statute that "An indictment may be found against any person for a second, third or other marriage herein prohibited, in the county in which such person shall be apprehended, and the like proceedings, trial, judg-

Houser *v.* The People.

ment and conviction may be had in such county as 'if the offense had been committed therein." (3 *R. S. 5th ed.* 968, § 10.)

There is no reported decision in this state on the question whether the indictment must show, in a case like this, that the accused was apprehended in the county where the indictment is found, and there is considerable conflict in the decisions on a like question in England. I have examined the following authorities on the question: 1 *East's Pleas of the Crown*, 469; *Roscoe's Crim. Ev.* 325; 3 *Archbold's Crim. Plead. by Waterman*, 611; *The King* v. *Athos*, 8 *Mod. Rep.* 141; *Regina* v. *Whiley*, 47 *Eng. Com. Law Rep.* 150; *S. C.* 4 *British Crown Cas.* 243; *Regina* v. *Smythies*, 5 *id.* 499; *Rex* v. *Fraser*, 2 *id.* 407; *Rex* v. *Goff*, 1 *id.* 178; and I think the weight of authority is, that when the accused is indicted in a county where he is apprehended for an unlawful marriage in another county, the indictment must show his apprehension in the county where he is indicted. (*See Haskins* v. *The People*, 16 *N. Y. Rep.* 344.)

The apprehension of the prisoner in this case in Broome county, was the fact that authorized his indictment and trial in that county for his unlawful marriage in Tompkins county. He could not have been convicted in the former county without proof of that fact.

It is said the crime was completely established without proof of that fact, and that such fact could be stated in a caption to the indictment or record of conviction. It is true, proof that the prisoner was apprehended in Broome county was not necessary to establish his guilt; but that fact was indispensable to authorize the court of sessions of Broome county to try him. And I am of the opinion such jurisdictional fact should have been averred in the indictment, and that it could not be properly stated in a caption to the indictment or record of conviction, for the reason that it was not a fact of which the court of sessions could take judicial notice.

An indictment should contain sufficient allegations to show not only that the accused had committed a crime, but that the court that tries him has jurisdiction to try him for the particular crime for which he is indicted. (*See* 16 *N. Y. Rep.* 344.) A record of conviction on such an indictment would be valid, and would be a bar to an indictment for the same crime found in any other county, when the offense is one for which the accused may be indicted and tried in a county other than the one in which he commits the offense.

The above mentioned defect or imperfection in the indictment in this case is not one of form, but of substance. It is a material defect, and it is not cured by statute. (3 *R. S. 5th ed.* 1019, § 54.)

The prisoner was indicted under the statute which declares "If any *unmarried person* shall, knowingly, marry the husband or wife of another," &c. he shall be imprisoned, &c. a specified time. But there is no allegation in the indictment that he was unmarried before he married Ann Decker; and his counsel insists that the omission to allege this fact is fatal to the indictment, and that it is void. The indictment should have alleged this fact. But this defect was not pointed out or insisted upon at the trial, and it is unnecessary to determine whether it is a defect in matter of form that is cured by statute, (3 *R. S. 5th ed.* 1019, § 54,) for the reason that the omission to allege in the indictment that the prisoner was apprehended in the county of Broome is a fatal defect in it, and renders it invalid.

The judgment of the court of sessions should be reversed, and a new trial granted to the prisoner, in that court.

Decision accordingly.

[Broome General Term, May 8, 1866. *Parker, Mason, Boardman* and *Balcom,* Justices.]