## CAROLINE SAUSER, PLAINTIFF IN ERROR, v. THE PEOPLE OF THE STATE OF NEW YORK DEFENDANT IN ERROR.

*Indictment — for marrying a married person — sufficiency of allegations as to prior marriage — 2 R. S. (Edm. ed.), 710, § 11.*

The plaintiff in error, an unmarried woman, was convicted under 2 Revised Statutes (Edm. ed.), 710, section 11, of unlawfully marrying one Simons, he being then a married man. The indictment alleged the marriage, and further, "she, * * * at the time of marrying * * * the said Conrad L. Simons, well knowing that the said Conrad L. Simons was then and there the lawful husband of Anna M. Simons, and had previously been lawfully married to the said Anna M. Simons." It contained no other allegation as to the marriage of Conrad L. and Anna M. Simons. *Held*, that the indictment was fatally defective, in that it did not sufficiently allege the marriage of the said Conrad L. and Anna M. Simons.

WRIT of error to review the conviction and sentence of plaintiff in error, by the Albany County Sessions.

The plaintiff in error was indicted and convicted for a violation of 2 Revised Statutes (Edm. ed.), 710, section 11, in marrying one Conrad L. Simons, who was at the time a married man. The only allegation in the indictment as to the former marriage of Simons, was the following, viz. :

She, the said Caroline Sauser, *alias* Carline Sauser, then and there, at the time of marrying and taking as her husband the said Conrad L. Simons, well knowing that the said Conrad L. Simons was then and there the lawful husband of one Anna M. Simons, and had previously been lawfully married to the said Anna M. Simons; she, the said Caroline Sauser, *alias* Carline Sauser, then and there, at the time of marrying and taking as her husband the said Conrad L. Simons as aforesaid, well knowing that the said Anna M. Simons, the lawful wife of the said Conrad L. Simons, was alive and in full life.

The plaintiff in error moved in arrest of judgment, on the ground that the indictment was fatally defective, in that it failed to allege the former marriage of Simons.

*Reilly & Hamilton*, for plaintiff in error. The indictment is defective in not charging positively that Simons was a married man, and the allegation that plaintiff in error knew him to be such, does not meet that requirement. (*Reg.* v. *Pelham*, 4 N. Y. Leg. Obs., 399; *People* v. *Gates*, 13 Wend., 317; *State* v. *Halder*, 2 McCord, 379; *State* v. *Hathcock*, 7 Iredell, 52; *Moore* v. *Commonwealth*, 6 Metc., 243.)

*John M. Bailey*, district attorney, for the people.

BOARDMAN, J. :

This case comes before us upon the record of judgment, no bill of exceptions having been made. The plaintiff in error was convicted under 2 Revised Statutes (Edm. ed.), 710, section 11, for an unlawful marriage with one Conrad L. Simons, then being married, and having a wife living, the plaintiff in error being an unmarried

person, and knowing that Simons was married and had a wife living at the time.

There are three counts in the indictment, each of which charged the marriage, and added: she, the plaintiff in error, at the time of her marriage with Simons, *well knowing* that said Simons was the lawful husband of one Anna M. Simons, and had been previously lawfully married to her; she, said Caroline, at the time of said marriage *well knowing* that the said Anna M. Simons was alive and in full life. In no other way was it charged in the indictment that Conrad L. Simons and Anna M. Simons were at the time of such marriage husband and wife, and then living. After a verdict of guilty, and before sentence, counsel for plaintiff in error " moved in arrest of judgment, and upon the indictment." Counsel were heard in support of, and in opposition thereto, and the motion was denied. After sentence, this writ of error was allowed.

The plaintiff in error now insists that the indictment was defective, in not charging that Simons was a married man. To constitute the crime an unmarried person must knowingly marry the husband or wife of another, etc. It must be charged that Conrad and Anna were, at the time, husband and wife; has that been done? I think not. The marriage between plaintiff in error and Conrad is sufficiently alleged, and then is added what the plaintiff in error well knew concerning the relations between Conrad and Anna, but it is not charged as a fact that Conrad and Anna were husband and wife; it may be inferred from the knowledge asserted to have been possessed by plaintiff in error that they were married, but that, I think is not sufficient; whatever is necessary to be proved must be stated in the indictment positively and with certainty. (*People* v. *Allen*, 5 Den., 76.) What the plaintiff in error knew, was material, but the relations between Conrad and Anna were equally material; the former is fully set forth, the latter were not. In *Houser* v. *The People* (46 Barb., 33), it was held that an indictment under section 10 of the same article of Revised Statutes, was defective in not alleging the apprehension of the defendant in the county in which he was indicted, for the reason that it was an essential fact to authorize a conviction. To the same effect are *Haskins* v. *The People* (16 N. Y., 344); *Regina* v. *Pelham* (4 N. Y. Leg. Obs., 399); *Enright* v. *People* (21 How., 383); *People* v.

*Gates* (13 Wend., 317). The precision and certainty required in criminal pleading, will not admit any thing to be taken by intendment. (*Com. v. Moore*, 6 Metc., 243 ; 1 Wharton's Criminal Law, §§ 285, 287, 367.) The indictment must show what offense has been committed by positive averment; it is not sufficient that it appears by inference. (Id., 367 ; *Com.* v. *Griffin*, 21 Pick., 525 ; *King* v. *Horne*, Cowper, 683, 684.)

For the reasons stated, I think the indictment was fatally defective. The defect is one of substance, and not of form (*Houser* v. *People, ante*); hence it is not cured by 2 Revised Statutes, 728, section 52.

The grounds upon which the motion in arrest was made are not stated in the record, but the motion appears to have been argued by counsel on either side ; I think it may be presumed that the same ground was taken in the court below. As the objection is one which could not be obviated, no harm can arise from a neglect to state it in the record.

I think the conviction and judgment should be set aside, and the prisoner should be discharged.

Present — LEARNED, P. J., BOARDMAN and BOOKES, JJ.

Judgment reversed and prisoner discharged.