CHRIS. JOHNSON *v.* THE STATE.

CRIMINAL LAW. *Embezzlement. What necessary to constitute. Principal and agent.* In order to sustain the charge of embezzlement, the agent, etc., must be in the regular employment of the master, and it must be by virtue of such employment that the money or property appropriated comes to his hands. A mere casual employment does not fall within the statute.

Case cited: Lambeth *v.* The State, MS., Jackson, 1877.

FROM SHELBY.

Appeal from the Criminal Court. T. H. LOGWOOD, Judge.

JNO. D. ADAMS for the appellant.

ATTORNEY-GENERAL HEISKELL for the State.

SNEED, J., delivered the opinion of the court.

The prisoner appeals in error from a conviction of embezzlement. The facts are, that the prisoner now and then "went on errands" for the prosecutrix, but it does not appear that he was regularly in her employment. The prisoner is a German, and does not speak or understand very well the English language. The prosecutrix sent him one day with a note to one Harrison, a neighbor. The contents of the note were not made known to the prisoner; but as a matter of

fact, the note requested Mr. Harrison to lend the pros-
ecutrix five dollars; the note was delivered by the pris-
oner to Mr. Harrison, who, unseen by the prisoner, en-
closed a five dollar bill in an envelope and handed it to
the prisoner, to be delivered to the prosecutrix; the mo-
ney was not delivered, and the prisoner on being interro-
gated, gave contradictory statements about it, and was
arrested and indicted in one court for embezzlement,
and the other for larceny. He was convicted of embez-
zlement.

The statute under which the conviction was had,
is as follows: "Any officer, agent, or clerk of any
incorporated company, or any clerk or agent of a co-
partnership or private person, except apprentices and
other persons under the age of eighteen years, who
embezzles or fraudulently converts to his own use any
money or property of another, which has come to his
possession, or is under his care by virtue of such em-
ployment, shall, on conviction, be punished by con-
finement in the penitentiary not less than five nor
more than twenty years." Code, sec. 4708.

It is manifest that the facts of this case—whether
they make out a case of fraudulent breach of trust
or larceny—do not make out a case of embezzlement.
A mere casual employment in such a case does not
fall within the meaning of the statute. It was in-
tended to protect employers against the frauds and
peculations of persons in their regular employment, who
*by virtue of such employment,* might come into the pos-
session of money or property, and fraudulently appro-
priate the same to their own use, and not to a casual

Johnson *v.* State.

messenger who might be entrusted with the temporary possession thereof. In Hawtin's case, 7 Car. & P., 281, it was held to be a necessary fact that the defendant received the property in the course of his employment to make a case of embezzlement. The employment referred to must be the regular employment of the defendant as an officer, agent or clerk of any incorporated company, or any clerk or agent of a copartnership, or the regular clerk or agent of any private person, as a merchant, factor, mechanic, or manufacturer, having clerks or agents in their regular employment, and it must be in virtue of and in the course of such regular employment that the money or property must come into the hands of the defendant, to bring the offense within this particular statute. *People* v. *Hennessy,* 15 Wend., 147; *People* v. *Allen,* 5 Denio, 76; *Lambeth* v. *State,* MS., Jackson, 1877.

Let the judgment be reversed and arrested, and the prisoner remanded and held for another indictment.